Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000429
25-JUL-2013
08:44 AM

NO. CAAP-13-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DISCOVER BANK, a Delaware Corporation, Plaintiff-Appellee, v.
BRADFORD W. ADAMS and EI RAYNA K. ADAMS, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC09-1-009133)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING AS MOOT ANY AND ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-13-000146
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal that Defendants-Appellants Bradford

W. Adams and Eirayna K. Adams (the Adams Appellants) have

asserted from the Honorable Hilary B. Gangnes's following two

interlocutory orders:

(1)   a March 25, 2013 order denying the Adams
      Appellants' "Rule 59(e) or 60(b) Motion to Review
      3/18/13 Hearing 'Set-Aside Default, and
      Continuance' & Grant 3/8/13 Counter-Claimed
      Judgment against Plaintiffs"; and

(2) an April 1, 2013 order denying the Adams Appellants' motion for sanctions against Plaintiff-Appellee Discover Bank, a Delaware Corporation.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes an appeal from a final order or final judgment of a district court.

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994) is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). In the instant case, the district court has not yet entered a final order or final judgment that ends this litigation by adjudicating all claims and leaves nothing further to be adjudicated. In fact, as recently as April 15, 2013, the district court entered a written order setting aside an earlier default that the district court had apparently orally announced (as reflected in district court minutes, only) against the Adams

Appellants. Furthermore, the district court minutes indicate this case is still pending before the district court, and that the district court has scheduled a status conference for October 14, 2013. Absent a final order or final judgment that resolves all claims in this case, we lack appellate jurisdiction under HRS § 641-1(a) and the holding in Casumpang v. ILWU, Local 142.

Although exceptions to the finality requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2012), neither of the two appealed interlocutory orders satisfies the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent a final order or final judgment that adjudicates all of the parties' claims, the Adams Appellants' appeal is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000429 is dismissed for lack of appellate jurisdiction.

-3-

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-13-0000429 are denied as moot.

DATED: Honolulu, Hawaiʻi, July 25, 2013.

Chief Judge

Associate Judge

Associate Judge